[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12545
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 23, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-00152-CEH-DNF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON RODRIGUEZ-TAPIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 23, 2012)

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Ramon Rodriguez-Tapia appeals his 42-month sentence imposed after he pled guilty to one count of illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2). The 42-month sentence was 15 months below the applicable guideline range of 57-71 months. On appeal, Rodriguez-Tapia argues: (1) the district court erred by not ruling on all of his PSI objections pursuant to Fed. R. Crim. P. 32(i), (2) his sentence was procedurally unreasonable because the district court failed to adequately explain the reasoning behind his sentence, and (3) his sentence was substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors. After review, we affirm Rodriguez-Tapia's sentence.

## I.

Rodriguez-Tapia first argues the district court procedurally erred under Rule 32(i) by not ruling on his objections to the PSI before imposing a sentence.[1] Because he did not raise any objection below to the way the district court resolved his factual objections to the PSI, we are limited to review for plain error. *See United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006). A plain error is: (1) an error, (2) that is plain, and (3) affects substantial rights, but only if (4) the error

---

[1] Rodriguez-Tapia does not argue that the district court failed to append a written record of its findings to the PSI.

seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*.

Under Rule 32(i)(3)(B), when a PSI statement is under dispute, the sentencing court must either make a ruling as to the controverted PSI statement or determine that a ruling is unnecessary because it will not affect sentencing. Fed. R. Crim. P. 32(i)(3)(B). Rodriguez-Tapia objected to the PSI accounts of several of his past convictions, and pointed out a discrepancy in the number of his past deportations comparing the PSI with other documentation. With respect to the prior convictions, the district court ruled that Rodriguez-Tapia's objections would not affect the sentencing guidelines calculation. In the context of the entire sentencing hearing, it seems the court meant they would not figure into sentencing at all. At most, the court's statement was ambiguous as to this point. Such ambiguity does not rise to the level of plain error. With respect to the number of prior deportations, Rodriguez-Tapia never clearly objected to their use. He merely asked the court to take the discrepancy into account. The court did not plainly err in failing to rule on an objection which was not made.

## II.

Rodriguez-Tapia next argues the district court procedurally erred by not explaining why it rejected his request for an 18-month sentence. Because he did

not object to his sentence on procedural grounds in the district court, we again review for plain error. *See United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011), *cert. denied* (U.S. Jan. 9, 2012) (No. 11-7635). Rodriguez-Tapia has the burden of establishing the sentence was unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

The appropriateness of brevity or length of a district court's reasons for accepting or rejecting an argument depends upon the circumstances and leaves much to the court's own professional judgment. *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007). Where a party requests a non-guideline sentence, the district court will typically explain why those arguments were rejected. *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008). Where the district court imposes a non-guideline sentence, it should explain why. *Id*.

The district court adequately explained the sentence given. In sentencing, the court responded to Rodriguez-Tapia's arguments by specifically stating it had considered Rodriguez-Tapia's age, the fact that Rodriguez-Tapia had "been in this country for about 40 years," which spoke to cultural assimilation, and the fact that Rodriguez-Tapia's criminal record showed a slowing down in criminal activity as he got older. Moreover, the court granted Rodriguez-Tapia's request for a non-

guideline sentence, although it did not go so far as to impose the requested 18-month sentence.   Rodriguez-Tapia's sentence was procedurally reasonable.

III.

Finally, Rodriguez-Tapia argues his sentence was substantively unreasonable.  He contends the district court failed to take into account all of the pertinent § 3553(a) factors, and that the guideline range was too severe.[2]

On substantive reasonableness review, we will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S. Ct. 1813 (2011) (quotation omitted).  The weight to be given any particular factor in sentencing is left to the sound discretion of the district court.  *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007).  Also, the length of the actual sentence imposed as compared with the guidelines range

---

[2] He also claims the district court should have considered the fact that the Middle District of Florida does not provide downward departures for those who readily admit guilt on a "fast track" basis.  We have previously held that district courts are prohibited for sentencing purposes from considering the disparity created by the lack of a "fast track" program. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).  Accordingly, the failure to take such a disparity into account cannot be an error.

and statutory maximum may be considered when reviewing reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Rodriguez-Tapia's argument that the guidelines call for too high of a sentence for his offense is weakened by the fact that the district court imposed a non-guideline sentence. Moreover, Rodriguez-Tapia fails to demonstrate the district court made a clear error in judgment in imposing the sentence. In light of Rodriguez-Tapia's criminal history and multiple prior deportations, the sentence promotes specific and general deterrence, while adequately taking into account the particulars of his criminal history. *See* 18 U.S.C. § 3553(a)(2). The district court did not abuse its discretion in imposing a 42-month sentence.

**AFFIRMED.**